**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| WASICA FINANCE GmbH and BLUEARC FINANCE AG,<br><br>Plaintiffs,<br><br>v.<br><br>CONTINENTAL AUTOMOTIVE SYSTEMS U.S., INC.,<br><br>Defendant. | C.A. No. 13-01356-SLR<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO STAY LITIGATION PENDING *INTER PARTES* REVIEW OF THE PATENT-IN-SUIT**


OF COUNSEL:

Gary Ropski
Jim Cleland
John Lingl
Nicholas Restauri
BRINKS GILSON & LIONE
455 N. Cityfront Plaza Drive
NBC Tower - Suite 3600
Chicago, IL 60611

Kelly E. Farnan
RICHARDS, LAYTON & FINGER, PA
One Rodney Square
920 N. King Street
Wilmington, DE 19801
(302) 651-7700
farnan@rlf.com

*Attorneys for Defendant, Continental Automotive Systems, Inc*


Dated: January 10, 2014

**TABLE OF CONTENTS**

TABLE OF CONTENTS ..... i

TABLE OF AUTHORITIES ..... ii

I. INTRODUCTION ..... 1

II. NATURE AND STAGE OF PROCEEDINGS AND FACTUAL BACKGROUND ..... 1

III. SUMMARY OF ARGUMENT ..... 4

IV. ARGUMENT ..... 5

A. A Stay of This Action Will Not Unduly Prejudice or Create a Clear Tactical Disadvantage to Wasica. ..... 6

B. A Stay Will Simplify the Issues and Promote Judicial Economy ..... 8

C. The Early Stage of This Case Strongly Favors a Stay. ..... 12

V. CONCLUSION ..... 13

# TABLE OF AUTHORITIES

## Cases

*Abbott Diabetes Care, Inc. v. DexCom, Inc.*,
No. 06-514 GMS, 2007 WL 2892707 (D. Del. Sept. 30, 2007) .......... 11, 12

*Boston Scientific Corp. v. Cordis Corp.*,
777 F. Supp. 2d 783(D. Del. 2011) .......... 6

*Cost Bros., Inc. v. Travelers Indem. Co.*,
760 F.2d 58 (3d Cir. 1985) .......... 5

*EchoStar Techs. Corp. v. TiVo, Inc.*,
No. 5:05-CV-81, 2006 WL 2501491 (E.D. Tex. July 14, 2006) .......... 9

*Ethicon, Inc. v. Quigg*,
849 F.2d 1422 (Fed. Cir. 1988) .......... 5

*e-Watch, Inc. v. ACTi Corp.*,
No. SA-12-CA-695-FB, 2013 WL 6334372 (W.D. Tex. Aug. 9, 2013) .......... 5

*First Am. Title Ins. Co. v. McLaren LLC*,
No. 10-cv-363-GMS, 2012 WL 76960 (D. Del. Mar. 9, 2012) .......... 6

*Gioello Enters. Ltd v. Mattei, Inc.,*
No. 99-375-GMS, 2001 WL 125340 (D. Del. Jan. 29, 2001) .......... 9

*Gould v. Control Laser Corp.*,
705 F.2d 1340 (Fed. Cir. 1983) .......... 11

*Graham v. John Deere Co. of Kansas City*,
383 U.S. 1 (1966) .......... 11

*ImageVision.net, Inc. v. Internet Payment Exchange, Inc.*,
No. 12-054-GMS-MPT, 2013 WL 663535 (D. Del. Feb. 25, 2013) .......... 6, 9

*Microsoft Corp. v. i4i Ltd. P'ship*,
131 S. Ct. 2238 (2011) .......... 11

*Neste Oil Oyj v. Dynamic Fuels, LLC*,
No. 12-1744-GMS, 2013 WL 3353984 (D. Del. July 2, 2013) .......... *passim*

*Pride Mobility Prods. Corp. v. Permobil, Inc.*,
No. 13-cv-01999, 2013 U.S. Dist. LEXIS 171911 (E.D. Pa. Aug. 14, 2013) .......... 5

*Robert Bosch Healthcare Sys., Inc. v. Cardiocom, LLC*,
No. 5:12-3864-EJD, 2012 WL 6020012 (N.D. Cal. Dec. 3, 2012) .......... 9

*Semiconductor Energy Lab. Co. v. Chimei Innolux Corp.*,
No. SACV 12-21-JST, 2012 WL 7170593 (C.D. Cal. Dec. 19, 2012) .......... 5

*SenoRx, Inc. v. Hologic, Inc.*,
No. 12-173-LPS-CJB, 2013 WL 144255 (D. Del. Jan. 11, 2013) .......... 7, 12

*Textron Innovations Inc. v. Toro Co.*,

No. 05-486-GMS, 2007 WL 7772169 (D. Del. Apr. 25, 2007)................................................ 8

*Vehicle IP, LLC v. Wal-Mart Stores, Inc.*,
No. 10-503-SLR, 2010 WL 4823393 (D. Del. Nov. 22, 2010) .......................................... 5, 12

**Statutes**

35 U.S.C. § 314(a) .......................................................................................................... 2, 11

35 U.S.C. § 314(b) ............................................................................................................ 1, 7

35 U.S.C. § 315 ................................................................................................................... 8

35 U.S.C. § 315(e)(2) .......................................................................................................... 9

35 U.S.C. § 316(e) ............................................................................................................. 10

35 U.S.C. § 316(a)(11) ...................................................................................................... 1, 7

**Other Authorities**

H.R. Rep. No. 112-98 (I) (2011), *reprinted in* 2011 U.S.C.C.A.N. 67, 2011 WL 2150541 ........ 11

**Rules**

37 C.F.R. § 42.107 ............................................................................................................ 1, 7

37 C.F.R. § 42.108(c) ........................................................................................................... 2

## I. INTRODUCTION

Defendant Continental Automotive Systems, Inc. ("Continental") moves for a stay of this patent infringement case in light of the Petition for *Inter Partes* Review ("IPR") of U.S. Patent No. 5,602,524 (the '524 patent"), Case No. IPR2014-00295, filed by Continental with the United States Patent and Trademark Office ("USPTO") on December 31, 2013. Continental filed its IPR petition with the PTO shortly after Plaintiff Wasica Finance GmbH and BlueArc Finance AG (collectively "Wasica") served its complaint on Continental, and prior to Continental's deadline for responding to Wasica's complaint.

Continental's IPR Petition challenges as invalid all of the claims of the '524 patent. Continental's Petition has substantial merit, bringing to the attention of the USPTO several key prior art references that the USPTO had not previously considered in evaluating the claims of the '524 patent. By statute and regulation, the USPTO must decide within six months whether to grant Continental's Petition, and if granted, must complete its review within twelve to eighteen months. 35 U.S.C. §§ 314(b), 316(a)(11); 37 C.F.R. § 42.107.

Additionally, the '524 patent expires on February 11, 2014, and Wasica is a non-practicing entity that does not compete with Continental. A stay will not prejudice Wasica. To avoid the unnecessary expenditure of time and resources by the Court and the parties, Continental respectfully requests that the Court stay this case pending the outcome of Continental's Petition for *inter partes* review of the '524 patent-in-suit.

## II. NATURE AND STAGE OF PROCEEDINGS AND FACTUAL BACKGROUND

This case is still in its earliest stages. On July 30, 2013, Wasica filed but did not serve its complaint asserting the '524 patent, which relates to tire pressure monitoring systems (TPMS) in automobiles. In its complaint, Wasica alleges that Continental's "TPMS equipment" indirectly infringes the '524 patent. (D.I. 1 at 3.) Even though the '524 patent expires on February 11,

2014, Wasica waited 120 days to serve the complaint on November 27, 2013, the last possible date for service under the Federal Rules. Continental's response to Wasica's complaint is due January 17, 2014. (D.I. 7.) The Court has not yet issued a notice of scheduling conference, no discovery has taken place and a trial date has not been set.

Shortly after Wasica served its complaint, Continental promptly filed its Petition for IPR of the '524 patent on December 31, 2013. (Restauri Decl. ¶ 3; Ex. A.) Continental's Petition for IPR seeks to invalidate each of claims 1-21 of the '524 patent in view of six prior art references, four of which were not considered by the USPTO during examination of the '524 patent. (Ex. A, IPR Petition at 2-4, 7-9.)

There is a high likelihood that the USPTO will institute Continental's petition for *inter partes* review. Data from the USPTO as of January 2, 2014 indicates that the USPTO has instituted trial in 82% of its 321 decisions on whether to grant a petitioner's request for *inter partes* review with 2013 and 2014 dates.[1] (Ex. D; Restauri Decl. ¶ 6.) In each of these instances, the USPTO determined that there is a "reasonable likelihood that the petitioner would prevail" in cancelling claims of the challenged patents. 35 U.S.C. § 314(a); 37 C.F.R. § 42.108(c).

Additionally, Continental's lead prior art reference in its Petition for IPR is Italian Patent No. 1,219,753 (to *Oselin*, the "Italian '753 patent"), one of the four references not cited to or considered by the USPTO during examination of the '524 patent. (Ex. A at 7-9, 16-17.) The

[11] The USPTO's fiscal year runs October 1 through September 30, so petitions for IPR filed after September 30, 2013 are considered 2014 petitions. The USPTO instituted trial in 167 IPRs and 10 joinders of 203 total decisions on institution of *inter partes* review having 2013 dates, and 88 IPRs of 118 total decisions on institution of *inter partes* review having 2014 dates. (Ex. D.) The USPTO also instituted 14 of 17 covered business method reviews having 2013 dates, and 14 of 16 covered business method reviews having 2014 dates, for a CBM institution rate of over 84% in 2013 and 2014. (*Id.*)

Italian ’753 patent discloses each of the elements of the lone independent claim and many other claims of the ’524 patent, including the elements added to the ’524 claims to distinguish over the prior art of record and obtain issuance of the ’524 patent. (Ex. A at 16-30.)

The ’524 patent is based on a U.S. National Phase application of PCT application PCT/EP93/00452, which claims priority of German application 42 05 911.9 filed on February 26, 1992. That same PCT application formed the basis for European patent EP0626911 B1 (the “EP ’911 patent”), which is the European counterpart to the ’524 patent. (*See* Ex. E, EP 0 626 911 B1, with English translation of claims at 12-14.) The specification and the original claims of the ’524 patent and EP ’911 patent were identical. Similar amendments were made to the claims of both patents during prosecution. Thus the claims of the EP ’911 patent are highly similar to the claims of the ’524 patent, including having a single independent claim with all of the same elements as independent claim 1 of the ’524 patent. (*See* Restauri Decl. ¶ 7 including comparison of elements of claim 1 of ’524 patent to elements of claim 1 of EP ’911 patent.) The EP ’911 counterpart patent was the subject of a nullity proceeding in Germany that ultimately resulted in an October 11, 2011 judgment from the German Supreme Court invalidating all of the claims of the EP ’911 patent in view of the same Italian ’753 patent that is a key reference in Continental’s recently filed IPR petition. (Ex. F, German Supreme Court Opinion, and Ex. G, Google Translation of Opinion.)[2] A similar result is expected relative to the claims of the ’524 patent before the USPTO.

[2] The source of the German Supreme Court opinion (Exhibit F) is openJur, a legal professional database in Germany containing more than 200,000 decisions. (Restauri Decl. ¶ 8.) The translated German Supreme Court opinion (Exhibit G) has been translated by Google Translate, a multilingual statistical machine-translation service provided by Google Inc. (*Id.* ¶ 9).

## III. SUMMARY OF ARGUMENT

Each of the factors courts consider when deciding whether to stay litigation strongly supports a stay of this case pending the *inter partes* review of the '524 patent-in-suit.

1. *First,* Wasica will not be prejudiced or tactically disadvantaged by a stay. Wasica waited 120 days to serve its complaint, demonstrating that delay is not prejudicial. To avoid any allegation of prejudice, Continental acted promptly to file its IPR petition and the present motion after being served with the complaint. Moreover, Wasica is a non-practicing entity that does not compete with Continental and the '524 patent expires on February 11, 2014, thus making an injunction practically impossible and prejudice highly improbable.

2. *Second,* if the PTO grants Continental's petition for *inter partes* review, the result of the review proceeding will eliminate or narrow issues in this case. Wasica has asserted only patent infringement claims against Continental. Continental will be estopped from raising anticipation or obviousness arguments in this case that were raised or reasonably could have been raised in the *inter partes* review. Proceeding with this case in parallel with the PTO's *inter partes* review of the patent-in-suit would create a substantial risk that the Court and the parties will expend time and resources litigating issues such as claim construction and invalidity that will be either removed or substantially altered in the *inter partes* review, and would create a substantial risk of inconsistent results.

3. *Third,* Continental filed this motion to stay promptly after filing its IPR petition and before its deadline for responding to Wasica's complaint. The Court has not entered a scheduling order, discovery has not begun, and no trial date has been set.

## IV. ARGUMENT

A decision to stay litigation lies within the sound discretion of the court and represents an exercise of the court's "inherent power to conserve judicial resources by controlling its own docket." *See Neste Oil Oyj v. Dynamic Fuels, LLC*, No. 12-1744-GMS, 2013 WL 3353984, at *1 (D. Del. July 2, 2013) (citing *Cost Bros., Inc. v. Travelers Indem. Co.*, 760 F.2d 58, 60 (3d Cir. 1985)); *see also Vehicle IP, LLC v. Wal-Mart Stores, Inc.*, No. 10-503-SLR, 2010 WL 4823393, at *1 (D. Del. Nov. 22, 2010). It is well settled that this authority extends to patent cases in which a review by the USPTO has been requested. *Neste Oil*, 2013 WL 3353984, at *1 (quoting *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) ("Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination.")). Courts have continued this practice by staying cases pending *inter partes* review, even while the USPTO decides whether to grant a petition for *inter partes* review. *See, e.g., Neste Oil*, 2013 WL 3353984, at *5 (staying patent infringement case before *inter partes* review petition was evaluated by PTO); *Pride Mobility Prods. Corp. v. Permobil, Inc.*, No. 13-cv-01999, 2013 U.S. Dist. LEXIS 171911, at *10-14 (E.D. Pa. Aug. 14, 2013) (staying case shortly after defendant filed petition for *inter partes* review); *e-Watch, Inc. v. ACTi Corp.*, No. SA-12-CA-695-FB, 2013 WL 6334372, at *9 (W.D. Tex. Aug. 9, 2013) (recommending same); *Semiconductor Energy Lab. Co. v. Chimei Innolux Corp.*, No. SACV 12-21-JST, 2012 WL 7170593, at *4 (C.D. Cal. Dec. 19, 2012) (same).

The Court considers the following three factors when deciding whether to stay a case: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3)

whether discovery is complete and whether a trial date has been set." *Neste Oil*, 2013 WL 3353984, at *1 (quoting *First Am. Title Ins. Co. v. McLaren LLC*, No. 10-cv-363-GMS, 2012 WL 769601, at *4 (D. Del. Mar. 9, 2012)); *ImageVision.net, Inc. v. Internet Payment Exchange, Inc.*, No. 12-054-GMS-MPT, 2013 WL 663535, at *1, 3 (D. Del. Feb. 25, 2013) (noting that "the traditional three-part test to determine whether a stay is appropriate still applies" to motions to stay pending *inter partes* review).

All three factors weigh heavily in favor of a stay of this litigation pending the outcome of the *inter partes* review of the '524 patent-in-suit.

### A. A Stay of This Action Will Not Unduly Prejudice or Create a Clear Tactical Disadvantage to Wasica.

Courts in this district consider several factors to gauge the likelihood of prejudice, including the timing of the request for IPR, the timing of the request for a stay, the status of the IPR proceeding and the relationship between the parties. *Neste Oil*, 2013 WL 3353984, at *2 (citing *Boston Scientific Corp. v. Cordis Corp.*, 777 F. Supp. 2d 783, 789 (D. Del. 2011)). All of the sub-factors favor a stay.

First, Continental was served with the complaint on November 27, 2013 and promptly filed its petition for IPR on December 31, 2013. Continental now files the present motion to stay on January 10, 2014, before its deadline for responding to Wasica's complaint. Continental acted quickly in filing both its IPR petition and motion to stay to prevent prejudice to Wasica; there can be no inference of an attempt to obtain an improper tactical advantage.

Second, Wasica delayed 120 days in serving its complaint. Coupled with the fact that Wasica likely cannot obtain an injunction because the '524 patent-in-suit expires on February

11, 2014, there can be no prejudice to Wasica with a stay pending resolution of Continental's IPR petition.

Third, while the USPTO has not yet decided Continental's IPR petition, there is a strong likelihood that the USPTO will institute the requested IPR. In proceedings dated 2013 and 2014, the UPSTO instituted 83% of the IPR petitions subject to decision on the merits. (*See* Ex. D.) Moreover, a key to Continental's IPR petition is the previously uncited Italian '753 patent that discloses the allegedly novel elements of the '524 claims and that was the basis for invalidation of the claims of the European equivalent to the '524 patent by the German Supreme Court. (*See* Exs. F and G.)

Even if the USPTO denies Continental's IPR petition, however, the stay will be relatively short, because the USPTO must decide whether to institute IPR on the '524 patent within six months. 35 U.S.C. §§ 314(b), 316(a)(11); 37 C.F.R. § 42.107(b). If the USPTO grants Continental's IPR Petition, the stay will be longer, on the order of 12-18 months, but the mere potential for delay is insufficient to establish undue prejudice. *Neste Oil*, 2013 WL 3353984, at *2; *SenoRx, Inc. v. Hologic, In*c., No. 12-173-LPS-CJB, 2013 WL 144255, at *7 (D. Del. Jan. 11, 2013). Indeed, Wasica would conserve resources by participating in the *inter partes* proceedings and then re-assessing this litigation. Wasica has asserted only patent infringement claims in this case. If Continental's *inter partes* review results in the asserted claims being cancelled, Wasica will save the time and fees required to prepare those claims for trial. If claims survive *inter partes* review, Wasica will have the benefit of the estoppel preventing Continental from raising in this litigation any anticipation or obviousness

arguments that were raised or reasonably could have been raised in the *inter partes* review proceeding. 35 U.S.C. § 315.

Moreover, permitting this action to go forward while the *inter partes* review is pending would not only relinquish the efficiencies described above, but would also create a risk of multiple, inconsistent rulings and a risk of this Court issuing advisory opinions on issues such as claim construction and invalidity. *See Textron Innovations Inc. v. Toro Co.*, No. 05-486-GMS, 2007 WL 7772169, at *3 (D. Del. Apr. 25, 2007) ("[N]ot staying the proceedings runs the risk of inconsistent adjudications or the issuance of advisory opinions.").

Fourth, Continental does not compete with Wasica or BlueArc in the TPMS market. (*See* Deniau Dec. ¶¶ 4-8.) Wasica and BlueArc are non-practicing entities based out of Switzerland whose corporate purpose is listed as "exploitation of patent and license rights and financing of all kinds" on the Switzerland commercial register. (See Exs. H, I, J, K.) Neither makes any products, including TPMS systems. Continental is not aware of any TPMS systems ever manufactured or sold by Wasica or BlueArc, and does not compete with Wasica or BlueArc in the TPMS market. (Deniau Decl. ¶¶ 7-8.) This sub-factor heavily favors a stay.

Wasica simply will not be prejudiced by a stay in this case.

**B. A Stay Will Simplify the Issues and Promote Judicial Economy.**

It is well-settled that there are a number of ways staying a case pending USPTO review of a patent-in-suit can simplify litigation, including:

> (1) all prior art presented to the court at trial will have been first considered by the PTO with its particular expertise, (2) many discovery problems relating to the prior art can be alleviated, (3) if patent is declared invalid, the suit will likely be dismissed, (4) the outcome of the reexamination may encourage a settlement without further involvement of the court, (5) the record of the reexamination would probably be entered at trial,

> reducing the complexity and the length of the litigation, (6) issues, defenses, and evidence will be more easily limited in pretrial conferences and (7) the cost will likely be reduced both for the parties and the court.

*Neste Oil*, 2013 WL 3353984, at *4 (citing *Gioello Enters. Ltd v. Mattei, Inc.,* No. 99-375-GMS, 2001 WL 125340, at *1 (D. Del. Jan. 29, 2001)). While these benefits are cited in the context of reexamination, they apply equally to *inter partes* review proceedings. *See ImageVision.net*, 2013 WL 663535, at *3.

IPR proceedings provide even further issue simplification. Unlike reexamination proceedings, by statute Continental is estopped in this case from asserting invalidity on any anticipation or obviousness arguments that were raised or reasonably could have been raised in the *inter partes* review proceeding. 35 U.S.C. § 315(e)(2). Because of that estoppel effect, courts have found in the *inter partes* reexamination context that, "[e]ven if every claim survives reexamination unchanged, th[e] case will still be simplified because Defendant will be estopped from asserting any invalidity arguments it could have raised in its . . . *inter partes* reexaminations," and that the resulting simplification "weighs in favor of a stay." *Robert Bosch Healthcare Sys., Inc. v. Cardiocom, LLC*, No. 5:12-3864-EJD, 2012 WL 6020012, *2 (N.D. Cal. Dec. 3, 2012); *see also Neste Oil,* 2013 WL 3353984, at *4 (favoring stay given that PTO statistics "suggest that it will likely grant review" and that "the stricter standard for instituting such review suggests a greater likelihood that the PTO will cancel at least some of the challenged claims."); *EchoStar Techs. Corp. v. TiVo, Inc.*, No. 5:05-CV-81, 2006 WL 2501491, at *3 (E.D. Tex. July 14, 2006) ("[A]n *inter partes* reexamination can have no other effect but to streamline ongoing litigation.").

Efficiencies also result from the lower burden of proof for invalidity in *inter partes* review proceedings. Claims are more likely to be invalidated during *inter partes* review than in district court litigation, because in *inter partes* proceedings challenged patent claims are not presumed valid, and because in *inter partes* proceedings anticipation and obviousness must be proven by only a preponderance of the evidence rather than by clear and convincing evidence. 35 U.S.C. § 316(e). Thus "the amended standards for granting *inter partes* review probably result[] in an even higher likelihood than under the prior standard that the issues in this action will be simplified by the reexamination." *Semiconductor Energy*, 2012 WL 7170593, at *3.

Here it is highly probable that *inter partes* review will reduce and narrow the issues raised in this litigation, and may even eliminate any need for the district court litigation. Continental's IPR petition encompasses all claims of the '524 patent. Of the 321 IPR petitions reviewed on the merits by the USPTO as of January 4, 2014, the USPTO granted review in 82% of the petitions. Additionally, under the previous *inter partes* reexamination procedure, the PTO cancelled or narrowed claims in 92% of the granted reexaminations. (*See* Ex. L.) Likewise, Continental's key Italian prior art patent that discloses the allegedly novel features of the '524 claims was not considered during prosecution of the '524 patent and formed the basis for invalidation of similar claims in the European equivalent patent by the German Supreme Court. Absent a stay, claim construction, infringement and invalidity contentions would be based on claims that will likely no longer exist and would therefore be obsolete.

If Continental's petition for IPR is granted, the USPTO will have already determined that there is a "reasonable likelihood that the petitioner would prevail with respect to at least 1 of the claims challenged in the petition." 35 U.S.C. § 314(a). A stay of litigation is practical

because the USPTO would have already determined that the claims under review will likely be cancelled. *See Neste Oil,* 2013 WL 3353984, at *4 (find that "the stricter standard for instituting such review suggests a greater likelihood that the PTO will cancel at least some of the challenged claims.").

Efficiencies further result from having the USPTO evaluate prior art in the first instance. Continental's IPR petition presents four prior art references that the USPTO never considered in evaluating the patentability of any of the claims of the '524 patent. "[T]he primary responsibility for sifting out unpatentable material lies in the Patent Office." *Graham v. John Deere Co. of Kansas City*, 383 U.S. 1, 18 (1966). In the context of *inter partes* reexamination, the Supreme Court has observed that "Congress has amended the patent laws to account for concerns about 'bad' patents, including by expanding the reexamination process to provide for inter partes proceedings." *Microsoft Corp. v. i4i Ltd. P'ship*, 131 S. Ct. 2238, 2252 (2011); see *also* H.R. Rep. No. 112-98 (I), at 47 (2011), *reprinted in* 2011 U.S.C.C.A.N. 67, 2011 WL 2150541, at *77 (describing the *inter partes* review provisions of the America Invents Act as "improvements" upon the former *inter partes* reexamination proceeding). A similar concept has previously been recognized in the context of reexamination: "One purpose of the reexamination procedure is to eliminate trial of that issue (when the claim is canceled) or to facilitate trial of that issue by providing the district court with the expert view of the PTO (when a claim survives the reexamination proceeding)." *Abbott Diabetes Care, Inc. v. DexCom, Inc.*, No. 06-514 GMS, 2007 WL 2892707, at *5 (D. Del. Sept. 30, 2007) (quoting *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983)). This factor also strongly favors a stay.

**C. The Early Stage of This Case Strongly Favors a Stay.**

A stay of litigation pending *inter partes* review is particularly appropriate where a case is in its early stages. *See Neste Oil*, 2013 WL 3353984, at *5; *see also Vehicle IP, LLC*, 2010 WL 4823393, at *1-2; *Abbott Diabetes Care*, 2007 WL 2892707, at *5. Staying a case in its early stages "can be said to advance judicial efficiency and maximize the likelihood that neither the Court nor the parties expend their assets addressing invalid claims." *Neste Oil*, 2013 WL 3353984, at *15 (quoting *SenoRx*, 2013 WL 144255, at *5).

This factor strongly favors a stay as the present case is still in its earliest stages. Wasica just served its complaint in late November of 2013. Continental's response to Wasica's complaint is due on January 17. The Court has not yet issued a notice of scheduling conference, no discovery has taken place and no trial date has been set. Neither side has invested substantial time or resources in this litigation, and a stay of litigation now would save the Court and the parties unnecessary time, effort and expenses.

## V. CONCLUSION

The relevant factors all support granting a stay of this litigation. The scope and validity of all claims of the ’524 patent will remain uncertain until the USPTO makes its *inter partes* review determinations. Accordingly, Continental respectfully requests that the Court stay this action pending the final resolution of the *inter partes* review of the ’524 patent.

*/s/ Kelly E. Farnan*
Kelly E. Farnan (#4395)
RICHARDS, LAYTON & FINGER, PA
One Rodney Square
920 N. King Street
Wilmington, DE 19801
(302) 651-7700
farnan@rlf.com

*Attorneys for Defendant Continental Automotive Systems, Inc.*

OF COUNSEL:

Gary Ropski
Jim Cleland
John Lingl
Nicholas Restauri
BRINKS GILSON & LIONE
455 N. Cityfront Plaza Drive
NBC Tower - Suite 3600
Chicago, IL 60611

Dated: January 10, 2014